UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI RAMIREZ,

                Plaintiff,                              Case Number 21-10893

v.                                                          Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES

This matter is before the Court on an amended motion by plaintiff's counsel for an award of $25,714.75 in attorney's fees for recovery of past-due benefits, under the authority of 42 U.S.C. § 406(b)(1). The Court previously authorized an award of $8,454.60 in attorney's fees for plaintiff's counsel under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, (ECF No. 25), but counsel represents in his present motion that if the Court grants the request for an award of fees under the Social Security Act, then counsel will refund to the plaintiff the amount previously collected as EAJA fees.

The plaintiff filed his complaint on April 21, 2021 seeking review of the Commissioner's decision denying the plaintiff's claims for disability benefits under Title II of the Social Security Act. The case was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). A scheduling order was issued in the case, and the plaintiff timely filed a motion for summary judgment. The parties subsequently stipulated to remand the case to the Commissioner for further proceedings. After the case was remanded, the plaintiff prevailed at a new hearing before the administrative law judge, and she was awarded $102,859 in past-due benefits in an order dated June 10, 2025.

Counsel for the plaintiff subsequently filed a motion for payment of $25,714.75 in attorney fees, representing the amount nominally called for under a contingent fee agreement executed by the plaintiff, which provided for payment to counsel of 25% of any past-due benefits recovered. *See* Soc. Sec. Contingent Fee Contract dated October 20, 2021, ECF No. 27-2, PageID.776. The Commissioner has not opposed the fee request.

"A claimant's application for Title II benefits can result in payments of past-due benefits — i.e., benefits that accrued before a favorable decision, 20 C.F.R. § 404.1703 — as well as ongoing monthly benefits, see 42 U.S.C. § 423(a)." *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019). "A claimant who has been denied benefits 'in whole or in part' by the Social Security Administration may seek administrative review of the initial agency determination, § 405(b), and may then seek judicial review of the resulting final agency decision, § 405(g)." *Ibid*. "[T]he Social Security Act 'discretely' addresses attorney's fees for the administrative and judicial-review stages: '§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Ibid*. (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b) imposes a cap on the fees received under that section, which may comprise no more than 25% of the past-due benefits awarded. However, "[t]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson*, 586 U.S. at 62. Section 406(a) imposes a separately calculated upper bound on fees awarded for representation at the administrative level, equal to "the lesser of 25% of past-due benefits or a set dollar amount — currently $6,000. § 406(a)(2)(A)." *Id.* at 56. "Social Security claimants pay section 406(b) fees out of their benefits — benefit payments that would otherwise go into their own pockets — whereas the government must pay EAJA fees independent of the benefits award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). But "an

EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (citations and quotations omitted).

Before approving any fee award under section 406(b), the Court must scrutinize the fee request to ensure that it represents reasonable compensation for the work performed. "When a district court renders a favorable judgment to a social security claimant, § 406(b) permits a district court to award 'a reasonable [attorney's] fee . . . not in excess of 25 percent,' payable 'out of . . . [the claimant's] past-due benefits.'" *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting 42 U.S.C. § 406(b)(1)(A)). "In *Gisbrecht v. Barnhart*, the Supreme Court concluded that the statute's allowance of 'a reasonable fee' permits contingency fees, but 'calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.'" *Ibid.* (quoting 535 U.S. at 807). "'Within the 25 percent boundary,' prevailing counsel bears the burden of 'show[ing] that the fee sought is reasonable for the services rendered.'" *Ibid.* The Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap," and it also has recognized a "'floor' for court review of contingency fees: 'a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable.'" *Ibid.* (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) ("[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.")).

"The Sixth Circuit, however, never has endorsed any particular nominal figure or ideal multiplier for the 'standard hourly rate' applicable to the litigation of civil actions under the Social Security Act." *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 924 (E.D. Mich. 2015). However, "[c]ourts in this circuit have variously adopted 'standard rates' ranging from $165 [to] $500 per hour." *Ibid.* (citing *Lasley*, 771 F.3d at 310; *Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *1 (E.D. Mich. Sept. 21, 2014)); *see also Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 2018 WL 4926325 (E.D. Mich. 2018), *report and recommendation adopted*, No. 13-11748, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (adopting EAJA statutory rate of $125 per hour as "standard rate" for reasonableness review, where plaintiff's counsel had not suggested any plausible basis for endorsement of a higher rate in the relevant market).

In this case, the requested award of $25,714.75 is comfortably within the bounds of reasonability. The amount sought comprises 25% the past-due benefits award, which is within the statutory 25% cap on contingent fees. Counsel submitted detailed billing records showing that 38.7 hours of work were done related to the proceedings before this Court between three attorneys. The imputed hourly rate is approximately $664, which is well within the ceiling of *per se* reasonability based on double the standard rates previously applied by other courts in this circuit ranging from $165 to $500. In their motion, plaintiff's counsel describes their extensive experience in social security benefits litigation, spanning more than 25 years. The attorneys achieved a good result for her client when they evidently efficiently persuaded the Commissioner's counsel of the merits of the plaintiff's position and secured the Commissioner's consent to a remand of the matter for further proceedings, upon which the plaintiff was awarded a six-figure recovery. The contingent fee agreement executed by the plaintiff provided for payment to counsel

of up to 25% of any past-due benefits recovered, and the amount sought here is equal to that agreed percentage.  The plaintiff has not expressed any objection to the fee petition.

Accordingly, it is **ORDERED** that the amended motion for attorney fees (ECF No. 27) is **GRANTED**, and plaintiff's counsel is awarded $25,714.75 for work performed in the litigation before this Court, pursuant to 42 U.S.C. § 406(b)(1).

It is further **ORDERED** that upon payment of the attorney fee awarded by this order, plaintiff's counsel promptly shall refund to the plaintiff the amount previously collected under the authority of the Equal Access to Justice Act.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  July 10, 2025